United States District Court
Southern District of Texas

**ENTERED**

July 01, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW VINCENT WOODARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-1999 |
| | § | |
| LORIE DAVIS, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending is Respondent's Motion for Summary Judgment (Document No. 9), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) should be dismissed as time-barred. Having considered Respondent's motion, Woodard's response in opposition, the claims Petitioner is asserting and the conviction he is challenging, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and that this § 2254 proceeding be dismissed as time-barred under 28 U.S.C. § 2244(d).

## I.   Introduction and Procedural History

Matthew Vincent Woodard ("Woodard") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of a 2014 felony conviction from the 182nd District Court of Harris County, Texas, for aggravated assault with a deadly weapon, in cause no. 136631901010. He was charged by indictment with that offense on

January 11, 2013, was found guilty by a jury on July 23, 2014, and was sentenced by that jury to thirty years imprisonment in the TDCJ-CID. Woodard appealed his conviction to Texas' Fourteenth Court of Appeals, which affirmed his conviction in an unpublished opinion on June 25, 2015. *Woodard v. State*, No. 14-14-00609-CR. His petition for discretionary review was thereafter refused by the Texas Court of Criminal Appeals on November 25, 2015. Woodard's conviction became final ninety days later, on February 23, 2016, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court.

On November 18, 2016, Woodard filed a state application for writ of habeas corpus. The Texas Court of Criminal Appeals dismissed that application as "non compliant" with TEX. R. APP. P. 73.1 on March 8, 2017. Woodard's second state application for writ of habeas corpus was filed by him on March 27, 2017, and was denied by the Texas Court of Criminal Appeals on May 2, 2018, on the findings of the state trial court without a hearing. This § 2254 application, filed on or about May 11, 2018, followed.[1]

Respondent has filed a Motion for Summary Judgment (Document No. 18), arguing that Woodard's § 2254 application is time-barred. Woodard has now filed a response to Respondent's

---

[1] Woodard's § 2254 application was signed by him on May 11, 2018, and received by the Clerk and filed stamped June 15, 2018. Given the "mailbox rule" for *pro se* prisoner filings, whereby a prisoner's *pro se* filing is deemed filed as of the date such filing is entrusted to the prison mail system," *Houston v. Lack*, 487 U.S. 266 (1988) *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding, in reliance on *Lack*, that "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing"), Woodard's § 2254 application, which was signed and dated by him on May 11, 2018, will, notwithstanding the inexplicable delay between that date and the date the application was received by the Clerk and filed, be considered to have been filed on May 11, 2018.

Motion for Summary Judgment arguing that he was impeded from timely filing his § 2254 application and/or that equitable tolling should apply.[2]

## II.    Discussion

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one year limitations period.   28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.   The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] A Memorandum and Recommendation was initially entered on March 28, 2019, after Woodard failed to respond to Respondent's Motion for Summary Judgment.  In Objections to that Memorandum and Recommendation, Woodard stated that he had not received a copy of Respondent's Motion for Summary Judgment and therefore had not filed a response to that motion. Upon those Objections, the Memorandum and Recommendation was vacated, Woodard was provided with a copy of Respondent's Motion for Summary Judgment, and was provided time to file a response to that Motion for Summary Judgment.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the limitations period ran from the date Woodard's conviction was final.  That is because none of the other dates provided for in § 2244(d)(1) for the commencement of the limitations period apply: Woodard has not raised any claims that are related to or dependent on a constitutional right recently recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); and Woodard has not raised any claims that could not have been discovered through the exercise of due diligence by the time his conviction was final, 28 U.S.C. § 2244(d)(1)(D).  As for Woodard's argument in his Response to Respondent's Motion for Summary Judgment (Document No. 18) that he was "impeded" from filing a timely § 2254 application by the state courts' delay in advising him that his state application for writ of habeas corpus was deficient/defective, that argument cannot be used to extend the limitations period under § 2244(d)(1)(B) because that allegation of state action does not constitute "State action *in violation of the Constitution*."

As for determining the date Woodard's conviction became final, the Supreme Court has made it clear that "[f]or petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also* 28 U.S.C. § 2244(d)(1) (the limitations period shall run from "the expiration of the time for seeking [direct]

review"); SUP. CT. R. 13.1 ("a petition for writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (concluding that the petitioner's conviction, when he did not file a petition for writ of certiorari to the Supreme Court, became final "ninety days after judgment was entered"). Here, Woodard's conviction was affirmed on appeal on June 25, 2015, and his petition for discretionary review was refused on November 25, 2015. He then had ninety days in which to file a petition for certiorari with the United States Supreme Court. He did not do so, and accordingly his conviction became final on February 23, 2016, when the time expired for him to file a petition for certiorari. Woodard does not dispute that his conviction became final on February 23, 2016. Nor does he dispute that the one year limitations period, in the absence of any tolling, would expire on February 23, 2017.

What Woodard does dispute, and argue, is that the time during which his first state application for writ of habeas corpus was pending should not be counted towards the one year limitations period under 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Woodard makes that argument despite the fact that his first state application for writ of habeas corpus was dismissed by the Texas Court of Criminal Appeal as "non-compliant" with TEX. R. APP. P. 73.1, a determination that the state application for writ of habeas corpus was not properly filed , *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is ' *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("we hold that a 'properly filed application' for § 2244(d)(2) purposes

5

is one that conforms with a state's applicable procedural filing requirements"), and the pendency of which could not be used to toll the limitations period under § 2244(d)(2). *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (state application for writ of habeas corpus which was "clearly not filed in conformity with Tex.R.App. P. 73.1 . . . was not a "properly filed" state application under § 2244(d), [and] it did not toll the limitation period").

As for the argued for application of equitable tolling, Woodard argues that the limitations period should be equitably tolled for the time during which his improperly filed first state application for writ of habeas corpus was pending, from November 18, 2016 to March 8, 2017, a period of 111 days. Respondent, in response to this equitable tolling argument, maintains that there is nothing rare or extraordinary about the delay associated with the dismissal of Woodard's first state application for writ of habeas corpus, and that Woodard cannot be said to have been diligent in pursuit of his rights.

In *Holland v. Florida*, 130 S.Ct. 2549 (2010), the Supreme Court, while noting that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," set forth a two part test for the application of equitable tolling in a federal habeas corpus proceeding. That two-part test first requires the petitioner to show that "he has been pursuing his rights diligently." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Second, the petitioner must show that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* Here, for the arguments advanced by Respondent, Woodard has made neither showing. A delay by the state courts in dismissing an improperly filed state application for writ of habeas corpus does not constitute an extraordinary circumstance for purposes of equitable tolling. *See Jones v. Stephens*, 541 F. App'x 499, 504 (5th Cir. 2013); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004). In

6

addition, the record shows that Woodard waited until only three months were left on the one year

limitations period before he filed his first state application for writ of habeas corpus. That delay does

not evidence the type of diligence required for an application of equitable tolling. See e.g,, *Palacios*

*v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (waiting until seven months had expired on the

limitations period to hire an attorney and then discharging that attorney when only two weeks

remained on the limitations period did not, on balance, evidence diligence); *Stroman v. Thaler*, 603

F.3d 299, 302 (5th Cir. 2010) (waiting until seven months had expired on the limitations period did

not evidence diligence). Upon this record, equitable tolling is not available.

Additionally, there is no basis for consideration of Woodard's claims on any suggestion of

"actual innocence." In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that

actual innocence may provide a "gateway" for allowing consideration of otherwise time-barred

claims. But, it is not the mere allegation of actual innocence that will open such a "gateway";

instead, a claimant seeking to avoid a limitations bar must present "'evidence of innocence so strong

that a court cannot have confidence in the outcome of the trial.'" *Id.* at 401 (quoting *Schlup v. Delo*,

513 U.S. 298, 316 (1995). In other words, an "actual innocence" exception to the limitations bar will

only be found if the evidence presented by the habeas petitioner convinces the court that "'it is more

likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting

*Schlup*, 513 U.S. at 329). Here, Woodward advances no argument, and there is no evidence that

would allow for an "actual innocence" exception to the limitations bar.

This § 2254 proceeding must be dismissed as time-barred.

7

## III.    Conclusion and Recommendation

Based on the foregoing and the conclusion that this § 2254 was not timely filed and that equitable tolling is not available on this record, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 9) be GRANTED, that Petitioner Matthew Vincent Woodard's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and this § 2254 proceeding be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 15 day of June, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE